From: The District Court of the Third Judicial District. County of Deer Lodge.

STATE OF MONTANA, Plaintiff, vs. JOHN LAC CROIX, Defendant.

NO. 2670

## DECISION

The applicatioon of the above-named defendant for a review of the sentence of five years for second degree assault, imposed on March 29, 1967, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

This sentence appears proper, reasonable, and quite lenient, the crime, the individual, and the sentencing goals kept in mind, especially when it is considered that the presumption is that the sentencing judge was correct in his determination; that defendant has an extensive prior criminal record, including convictions of felony; that the sentence under consideration was originally suspended and defendant was not imprisoned until violation of the terms of the suspension. Further, defendant was paroled in April, 1969, and violated it in July, 1969.

We thank David Gliko, Esq., of the Montana Defender Project for his assistance to the defendant and to the Court.

DATED this 29th day of December, 1969.

SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; and Paul G. Hatfield.

From: The District Court of the Thirteenth Judicial District. County of Yellowstone.

STATE OF MONTANA, Plaintiff, vs. STEVEN SEWELL, Defendant.

NO. 6942

## DECISION

The application of the above-named defendant for a review of the sentence of five years for robbery, imposed on July 18, 1967, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

The presumption being that the sentencing judge was correct in his determination, we are unable to say that this sentence was not proper, reasonable and quite lenient, the crime, the individual, and the sentencing goals kept in mind, particularly when it is considered that the crime is one of violence punishable by imprisonment for life or years without limit; that defendant originally received, perhaps because of his youth, deferred imposition of sentence and did not receive this sentence until the commission of another crime. Further, defendant was paroled May 31, 1968, and violated that parole, yet may ask for parole consideration in April 1970.

DATED this 29th day of December, 1969.

SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield and Sid G. Stewart.